IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GONZALO ARIZMENDI, #26737-077, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-528-P-BK |
| | § | (3:95-CR-253-P) |
| E. MEJA, Warden FCI Seagoville, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On February 12, 2014, Petitioner, a *pro se* federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming he has fully served a 37-month sentence for possession of marijuana imposed in December 1995 in *United States v. Arizmendi*, No. 3:95-CR-253-T (N.D. Tex. Dec. 1995) and seeking immediate release from confinement.  [Doc. 3]. Petitioner, however, never completed his 37 month prison term, having absconded after sentencing.

In February 2013, Petitioner was arrested in McCallen, Texas, on a bond violation warrant and transferred to the federal detention center in Seagoville, Texas, where he was confined at the time of filing this petition.  The Bureau of Prison (BOP) subsequently designated Petitioner to serve the remainder of his 37-month sentence of imprisonment and transferred him to the Willacy County Correctional Institution in Raymondville, Texas.  *See* BOP Inmate Locator.

Because Petitioner has yet to complete his 1995 sentence for possession of marijuana, his request for habeas relief lacks merit.  Therefore, his petition should be summarily dismissed.  *See*

1

*Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

SIGNED April 3, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE